UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER, | No. 2:15-cv-0073 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

Plaintiff Gary Dale Barger, also known as Gary Francis Fisher, is a state prisoner proceeding without counsel with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

Review of court records[1] reveals that plaintiff is designated a "three-strikes litigant" under 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

1

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Such a designation indicates that plaintiff has brought three or more prior actions that were dismissed as frivolous, malicious, or for failure to state a claim, and precludes plaintiff from proceeding in forma pauperis in the present action unless he demonstrates that he was under imminent danger of serious physical injury when he filed the complaint.

The undersigned notes that plaintiff has been denied in forma pauperis status due to his three-strikes designation in at least five prior cases.[2] The pertinent orders in these cases together cite several cases in which plaintiff's complaints were dismissed as frivolous, malicious or for failure to state a claim. This court has reviewed the basis of the findings in those cases and concurs that plaintiff has suffered at least three prior strike dismissals as defined by 28 U.S.C. § 1915(g).[3, 4]

////

---

[2] See Fisher v. Director of OPS of CDCR, Case No. 2:14-cv-1323 EFB TLN P (E.D. Cal., Aug. 5, 2014) (ECF No. 17); Barger v. Kern County Superior Court et al., Case No. 1:14-cv-01071 DLB P (E.D. Cal., Aug. 13, 2014) (ECF No. 12); Barger v. Kern County Superior Court et al., Case No. 1:14-cv-01667 LJO SAB P (E.D. Cal., Oct. 29, 2014) (ECF No. 11); Barger v. Kern County Superior Court et al., Case No. 1:14-cv-01628 LJO DLB P (E.D. Cal., Nov. 5, 2014) (ECF No. 10); Barger v. Director of OPS of CDCR, Case No. 2:14-cv-2525 KJN P (E.D. Cal., Nov. 12, 2014) (ECF No. 11). The court also takes judicial notice of the National Pro Se Three-Strikes Database, which designates plaintiff a three-strikes litigant based on the above-noted order and findings in Fisher v. Director of OPS, Case No. 2:14-cv-1323 EFB TLN P (E.D. Cal., Aug. 5, 2014) (ECF No. 17). See http://nprose.circ9.dcn/Litigant.aspx.

[3] The undersigned takes judicial notice of the following cases which count as strikes against plaintiff under § 1915(g):  (1) Fisher v. FBI, Case No. 1:13-cv-0414 LJO SAB P (E.D. Cal. 2013) (dismissed on July 26, 2013, for failure to state a claim (ECF No. 19)); (2) Barger v. FBI, Case No. 1:13-cv-0535 DLB P (E.D. Cal. 2013) (dismissed on November 21, 2013, for failure to state a claim (ECF No. 10)); (3) Barger v. Casey et al., Case No. 2:13-cv-8889 UA MAN P (C.D. Cal. 2013) (dismissed December 20, 2103, as frivolous, malicious or fails to state a claim, and sought relief from an immune defendant (ECF No. 6)); and (4) Fisher v. Bivens, Six Unknown Agents, Case No. 2:14-cv-01439 UA MAN P (C.D. Cal. 2014) (dismissed on March 6, 2014, for failure to state a claim (ECF No. 2)).

[4] The court also notes that plaintiff filed over 30 actions in the Eastern District of California in the 2014 calendar year, and has to date filed more than 15 during the 2015 calendar year.

As a three-strikes litigant, plaintiff may not proceed in forma pauperis in the present action unless he demonstrates that he was "under imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g). The imminent danger exception applies only if it is clear that the danger existed when the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and must be ongoing, Andrews, 493 F.3d at 1056. Allegations of imminent danger that are overly speculative or fanciful may be rejected. Id. at 1057 n.11. Absent a showing that plaintiff was under imminent danger of serious physical injury at the time he filed his complaint, his only option for proceeding with this action is to pay the full filing fee.

Plaintiff is currently incarcerated at the California Health Care Facility in Stockton. In the complaint now pending before the court, plaintiff alleges as follows:

> First off my appeal disappears so I'm not only wasting my time putting myself in harms way. The way CDCR treats me its proliferic as to how the Trust Office refused to sign one iota of forms, especially anything going to the FBI, ATF, DEA, OIP or Interpol. Refused to sign CDCR. This help is me getting any information. CDCR is involved with these agencies helping them when needed. Not only that, they are killing my line of information and neglecting to provide me with IFPs.

(ECF No. 4 at 3.) Plaintiff seeks $420,000,000,000.00 in damages "and a separate lawsuit." (Id.) It appears that the gravamen of plaintiff's complaint is the fact that prison officials are not assisting him with completing in forma pauperis applications. Plaintiff reiterates this claim in his "Motion to be Heard" (ECF No. 8-1) and "Motion to be Heard on Retaliation" (ECF No. 15). Given plaintiff's status as a three-strikes litigant, this claim does not change the court's analysis herein. Regardless of the precise claim plaintiff is attempting to bring in this action, it is clear that plaintiff does not allege in his complaint that he faces imminent danger of serious physical injury. Therefore, plaintiff may not proceed in forma pauperis in this action. Rather, in order to proceed with this action, plaintiff must submit the appropriate fee of $400.00 ($350.00 filing fee plus $50.00 administrative fee).

////

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. The court's order filed April 7, 2015 (ECF No. 14) granting plaintiff leave to file a new application to proceed in forma pauperis is vacated.[5]

2. Plaintiff's "Motion for Stay of Proceedings to Enforce a Judgment" (ECF No. 8) and "Motion to be Heard on Retaliation" (ECF No. 15) are denied.

3. Plaintiff shall, within twenty-one days from the date of this order, submit the appropriate fee of $400.00 ($350.00 filing fee plus $50.00 administrative fee).

4. Plaintiff's failure to timely comply with this order will result in a recommendation that this action be dismissed.

Dated: May 19, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/barg0073.1915g

---

[5] The court notes in passing that plaintiff failed to file a new application to proceed in forma pauperis as ordered.